UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

THE FORT LAUDERDALE BRIDGE　　　　　Case No. 13-14289-RBR
CLUB, INC.,　　　　　　　　　　　　　　　Chapter 11

　　　　Debtor.
_____/

**CREDITOR ROSEN'S MOTION FOR LEAVE TO APPEAL ORDER DENYING MOTION TO REMOVE THE TRUSTEE AS MOOT [D.E. 239], ORDER OVERRULING OBJECTION TO RESIGNATION OF KENNETH A. WELT AS TRUSTEE [D.E. 254] AS MOOT; ORDER DENYING EMERGENCY MOTION FOR RELIEF RESPECTING THE CONDUCT OF KENNETH A. WELT [D.E. 255] AS MOOT**

Creditor, SAMUEL D. ROSEN ("Rosen"), by and through undersigned counsel, and in accordance with Fed. R. Bankr. P. 8003(a), files this Motion and respectfully requests Leave of Court for appellate review of the Bankruptcy Court's "Order Denying Motion to Remove the Trustee as Moot" [D.E. 239] ("Order Denying Removal"); "Order Overruling Objection to Resignation of Kenneth A. Welt as Trustee as Moot" [D.E. 254] ("Order Overruling Objection"); "Order Denying Emergency Motion for Relief Respecting the Conduct of Kenneth A. Welt as Moot" [D.E. 255] ("Order Denying Emergency Motion"). As good grounds Rosen would show that:

**BACKGROUND**

　　　1.　　Rosen is the largest creditor of the Debtor, and has brought other litigation against the Debtor and obtained summary judgments. Rosen has previously asserted that this bankruptcy was brought in bad faith to avoid compliance with Court Orders, and this bankruptcy is properly dismissed.

1

2.  In mid-July 2013, Rosen discovered that the Trustee and Rosen's counsel had a close attorney client relationship, in existing litigation against Welt, personally, in another bankruptcy matter pending before the other bankruptcy judge in the Fort Lauderdale Division. This personal representative relationship was not disclosed by Welt when the Trustee filed his disclosure of relationships with the Debtor, the creditors and their counsel.

3.  The underlying facts are as follows: on or about May 10, 2013, the US Trustee submitted to this Court an ex parte application to approve the appointment of Welt as a Chapter 11 Trustee herein (Doc. 64). That application attached a verified statement of Welt explicitly reciting that it was signed under penalty of perjury and announcing as to any "connections" Welt had with any of the parties in this matter or their **ATTORNEYS,** there were "NONE" (sic). That sworn statement was false at the time, as Welt well knew, and has been false every single day since then.

4.  On December 22, 2011 Mr. Ullrich filed an action in the Broward County Court asserting the most serious misconduct, including breaches of trust and misappropriation, against Welt both in its capacity as a non-judicial liquidator of NICA Holdings, Inc. in an assignment for the benefit of creditors **and** in his personal capacity. As the clerk's file shows, it was none other than Chad P. Pugatch, Esq. ("Pugatch") who appeared there as counsel for Welt (*see*, Ex. 1 to D.E. 180) the same Chad Pugatch who had long been representing Rosen in this proceeding.

5.  In the middle of hearings targeted at him in State Court, Welt proceeded as the "representative" of NICA to put it into Chapter 7 in this Court, before Judge John Olson, and thereafter, the claims against Welt individually and personally were moved to this Court in or about February 2013. Welt continued to be represented in his personal capacity by Pugatch and his firm. Thus, in that preceding before Judge Olson, (Case No. 12-32686-BKC-JKO) a hearing

2

was held on December 18, 2012 on a Motion to Lift the Stay so that the hearing in State Court could continue and complete against Welt personally. Welt was represented by Mr. Fierberg, an associate working under Pugatch at the Firm of Rice Pugatch (*see,* Ex. 2 to D.E. 180, excerpt of transcripts).

6. On April 10, 2013, barely one month before Welt's verified statement of no connections, another hearing was held before Judge Olson where Pugatch himself appeared and argued for Welt personally. (*see,* Ex. 3- to D.E. 180).

7. Then, on the morning of July 15, 2013, another hearing was held before Judge Olson to consider a possible settlement of the claims asserted against Welt personally and there too, one of the attorneys appearing for Welt personally was Pugatch (*see,* Ex. 4 to D.E. 180).

8. There is no possible excuse or justification for Welt's blatantly false statement of May 10th. Surely he will not claim some level of senility caused him to "forget" Pugatch was his lawyer or that he was also Rosen's lawyer[1]. Surely, even if he did suffer an attack of intermittent amnesia when he signed the false statement, Welt certainly was reminded on July 15th that Pugatch was his attorney.

9. It is clear that the Welt statement was false, that Welt's appointment as Trustee for the Debtor created a circumstance of divided loyalty for Rosen's chosen counsel in this proceeding. This divided loyalty became material when Rosen's relationship with Welt became adversarial. *See e.g.* [D.E. 150], Motion *In Limine* (when Rosen took the 30(b)(6) deposition of the Debtor, Welt's counsel produced a "representative witness" who knew nothing on the topics identified).

---

[1] Immediately, upon learning of Welt's appointment, Pugatch called Welt and later reported that he had been talking to Welt "over the weekend". Thus, Welt cannot claim he did not know Pugatch was Rosen's attorney.

3

10. On July 30, 2013, Rosen filed an Emergency Motion to Remove Trustee [D.E. 180].

11. Although the Motion to Remove Welt was not scheduled for hearing until August 23, the Court *sua sponte* raised the matter at a hearing on August 9 while hearing the "Stipulation for Substitution of Counsel." Transcript of Hearing on August 7, 2013 at page. 5, l. 4 page 5, l. 15; p. 10, l. 22 ("T-__, l.-__"). The Court called Rosen to testify, under oath. At that same hearing, attorney Chad Pugatch was also questioned under oath. Pugatch confirmed that he was representing Welt not only in his capacity as Trustee but personally in the *Nica* case at that time. T-14, l. 17-25. He admitted that he did not disclose to the U.S. Trustee's office or the other creditors that he represented Mr. Welt. T-19, l. 13-20 l. 14.

12. Promptly following the revelations of conflicting representations, Rosen moved for removal. In response, Welt had filed nothing as of the August 7 hearing. Then, Welt filed a letter dated August 8, 2013, submitting his resignation and protesting about, and attacking, Rosen. On August 9, Welt's counsel filed a sham opposition based upon counsel's unsworn factual assertions, and neither denied nor apologized for the false statement and continuing failure to disclose the personal representation that divided Rosen's counsel's loyalty.

13. Rosen did not learn of Welt's August 8 resignation letter until August 12, whereupon he immediately filed his Objection to Welt's Resignation [D.E. 236]. Immediately thereafter, Rosen filed his "Emergency Motion for Relief Respecting the Conduct of Welt" [D.E. 245].

14. This Court entered its Order Denying the Motion to Remove the Trustee as "moot." [D.E. 239]. Thereafter, the Court overruled Rosen's Objection to the Resignation of

Welt as Trustee as "moot" [D.E. 254] and denied Rosen's Emergency Motion for Relief Respecting the Conduct of Welt as "moot" [D.E. 255].

## ARGUMENT

The question involved on the appeal is whether the Bankruptcy court abused its discretion when it denied Rosen's Motion to Remove the Trustee [D.E. 180] as moot in the bankruptcy case. The Bankruptcy Court abused its discretion in not considering the facts and harm in this case caused by the Trustee when Rosen filed his Motion to Remove the Trustee [D.E. 180], regardless of the Trustee's resignation on August 11, 2013 [D.E. 235], since under 11 U.S.C. §324(b), "[w]henever the court removes a trustee or examiner under subsection (a) in a case under this title, such trustee or examiner shall thereby be removed in all other cases under this title in which such trustee or examiner is then serving." 11 U.S.C. §324(b). The Federal Statute mandates that the harm in one bankruptcy case may and can extend to other bankruptcy cases in which the person sits as trustee, and thereby continuing the jurisdiction on the issue to prevent any ongoing and future harm in the Southern District Court of Florida.

The Bankruptcy Court abused its discretion when it denied the sanctions requested in Rosen's Motion to Remove the Trustee [D.E. 180] as moot because further proceedings in this bankruptcy case are tainted from the Trustee's injury to the estate, as well as other cases in which the Trustee serves. Rosen has been economically damaged and the estate has been damaged.

Leave to appeal should be granted because the Bankruptcy Court's Order does not cure the harm and injury caused to the estate when the Trustee resigned from his position. The issue of the Trustee's removal and egregious decisions that caused injury can only be cured through the vacatur of all orders approving the Trustee's harmful decisions and actions in this bankruptcy case.

This Court is guided by a case directly on point, one that is foursquare on the facts and the law, regarding Trustee misconduct. In *In Re: Walker*, 2004 Bankr. Lexis 2187 (Bankr. S.D. Fla. 2004), Walden, in support of her application to be appointed Chapter 7 Trustee, filed a Verified Statement, under penalty of perjury, substantively identical to Welt's statement here "no connection" with parties, attorneys – "NONE". The debtor, with no financial interest in the case, charged Trustee Walden in fact had a relationship with the president of one of the creditors. Following a hearing, the Court (Hyman, J.) removed Walden on the grounds that she lied. When the matter wound up before the 11th Circuit – *In Re: Walker*, 515 F.3d 1204 (11th 2008) – Judge Hyman's decision was unanimously affirmed. How could it not be? After all, Walden had lied in her "no connection" sworn statement because she had previously, not currently, provided tax services for a Walker creditor here, the case against Welt is much stronger. If a false statements regarding an undisclosed prior relationship with a creditor mandated removal of the Trustee for cause, *a fortioni*, removing a Trustee who lied about his current legal representation by Rosen's counsel and the consequent destruction of Pugatch's relationship of undivided loyalty he owed to Rosen, must be "same, set and match" for Welt's Trustee services, at least in this case.

Additionally, as was shown in Part II of Rosen's Verified Motion to Remove Trustee [D.E. 180] the misconduct by Welt is not artefactual. Rather, it is merely part of a long and continuous series of actions, many evidencing moral turpitude that Rosen asserted is the real Kenneth Welt. These allegations were never controverted by Welt and should be considered as part of a sanctions hearing.

Furthermore, this Court denied Rosen's Motion to Remove the Trustee and Rosen's Motion for Relief Respecting the Conduct of Welt; both being moot. A case becomes moot when it loses its character as a present, live controversy of the kind that must exist to avoid

merely an advisory opinion on abstract questions of law. *See Murphy v. Hunt,* 455 U.S. 478 (1982); *In re 600 Alabama LLC,* BR 08-31434DM, 2011 WL 2413523 (Bankr. N.D.Cal. 2011).

Here, Rosen requested relief beyond just the removal of Welt. Rosen requested:

 a. The other cases he has before this Court, but from all of the cases in which he presently serves as Trustee within this judicial district.

 b. Direct the US Trustee to strike Welt's name from its lists of candidates;

 c. Direct Welt to present to this Court, to the Debtor, to all Creditors and to the new Trustee, his fidelity bond which he presumably posted for this case so claims can be asserted against it;

 d. Direct that Welt make restitution to the Estate of the monies he approved being spent from the Debtor's assets (*see,* Monthly Operating Report for June (Doc. 162) to pay the premium on his bond and the $1300 – 1400 to Justin Greenbaum, Inc. to buy him a new cell phone and other expenses.

 e. Direct that Welt make full restitution in amounts to be acceptable to each effected party injured by his conduct, including the Debtor and Rosen.

 f. Immediately revoke all orders issued at Welt's request for appointments of Justin Greenbaum, Inc. Kapila, and Marshall Socarras Grant, with prejudice to their rights to present any fees applications in this matter and, in addition, to the extent Justin Greenbaum Inc. has been paid by Debtor already, Welt should be ordered to reimburse same to Debtor.

 g. Provide to the new Trustee and to all other parties a period of time and a date certain by which any one of them may have any other Order entered at Welt's request or at the request of another but with Welt's support, set aside *ab initio,* with the provision that any such Order to which no one has timely objected shall thereafter be deemed to have been ratified and still in force.

 h. Refer Welt's conduct to the Office of the United States Attorney for this District for possible criminal prosecution pursuant to the Code of Judicial Conduct and Florida's Rules of Professional Conduct; also refer for investigation Messrs. Marshall, Grant and Pecan, respecting any knowledge they had of Welt's perjury here and of his representation by Pugatch in *Nica.*

 i. Direct that Welt cease to forever use the word "Trustee" to identify himself or in connection with any business he, or a member of his family (e./g. his son, Jason) operate, including but not limited to "Trustee Services, Inc.", "Trustee Realty, Inc.", "Kenneth A. Welt, Trustee P.A.", etc.

In *In re 600 Alabama*, the Court determined it did not have a real, earnest, and vital controversy because the movant merely requested removal of the trustee. Contrary to the facts here, Rosen has requested more than removal of Welt; he has requested the relief stated above. Therefore, the predecessor court had jurisdiction to adjudicate because there was a real, earnest, and vital controversy before the Court.

## CONCLUSION

Kenneth Welt made a false disclosure at the outset of his involvement in this case, and would probably be removed for cause. His actions as Trustee have been to employ and reward the Marshall Socarras Grant, firm, and Justin Greenbaum – who had other, personal business relationships with him, and Mr. Kapila, who is also a frequent Trustee, and to pay excessive fees to the DIP counsel who supported Mr. Welt's employment. This cronyism could have caused the Debtor to hemorrhage over $100,000 in cash, in costs of administration, to accomplish nothing. This Court should sanction the Trustee, deny and recoup the fees and charges. As the Court has refused to do so, and has denied Rosen's requests for relief as moot, Rosen should be permitted to appeal.

WHEREFORE, Rosen requests that he be granted Leave to Appeal from the Bankruptcy Court's Order Denying Motion to Remove the Trustee as "moot" [D.E. 239], Order Overruling Objection to Resignation Kenneth A. Welt as Trustee as "moot" [D.E. 254], Order Denying Emergency Motion for Relief Respecting the Conduct of Kenneth A. Welt as "moot" [D.E. 255], and that the Orders be vacated, and that Rosen may have such other and further relief as is just.

Dated: August 26, 2013.

/s/
*Of Counsel*
**Douglas C. Broeker, Esq.**
**SWEETAPPLE, BROEKER & VARKAS, P.L.**
777 Brickell Avenue – Suite 600
Miami, Florida 33131
Tel.: (305) 374-5623
Fax: (305) 358-1023
doug@broekerlaw.com
docservice@broekerlaw.com

Respectfully submitted,

Samuel D. Rosen
Creditor, *Pro Se*
10175 Collins Avenue
Apt. 502
Bal Harbour, Florida 33154
Tel.: (305) 868-6096
Cell:  (917) 974-7588

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case and via Regular U.S. Mail to all parties who are not on the list to receive e-mail notification/service for this case on this 26th day of August 2013.

    I HEREBY CERTIFY that I am admitted to the bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local rule 2090-1(A)

**SWEETAPPLE, BROEKER & VARKAS, P.L.**
777 Brickell Avenue – Suite 600
Miami, Florida 33131
Tel.: (305) 374-5623
Fax: (305) 358-1023
docservice@broekerlaw.com
doug@broekerlaw.com

By: /s/ Douglas C. Broeker, Esq.
      Douglas C. Broeker, Esq.
      FL Bar. No.: 306738

## SERVICE LIST

### Electronic Mail Notice List

The following is the list of parties who are currently on the list to receive e-mail notice/service for this case and who therefore will be served via the Court's Notice of Electronic Filing:

Joe M. Grant, jgrant@msglaw.com

Lawrence E. Pecan, efile@msglaw.com

Thomas L. Abrams, tabrams@tabramslaw.com

Office of the US Trustee, ustpregion21mm.ecf@usdoj.gov

Chad Pugatch; cpugatch.ecf@rprslaw.com

Kenneth A. Welt, court@trusteeservices.biz, fl10@ecfcbis.com

**SERVED VIA U.S. MAIL**

Samuel D. Rosen
10175 Collins Ave., Apt. 502
Bal Harbour, FL 33154

Soneet Kapila
c/o Kapila & Company
1000 S. Federal Hwy., Ste. 200
Ft. Lauderdale, FL 33316

Mark LaFontaine
5100 N. Fed. Hwy. #407
Ft. Lauderdale, FL 33308